IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, ) | C/A No. 0:15-1188-MBS-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Maj[o]r R. Murry; Warden Dennis Bush; ) | |
| Officer Borough Xaviar; Lt. Jack Brown; ) | |
| Officer Cpl. Atkinson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Clifton Singletary, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at Lee Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.     Factual and Procedural Background**

Plaintiff alleges that Defendant Brown and an unidentified inmate packed Plaintiff's property in June of 2013, upon his placement in solitary confinement. (ECF No. 1 at 3, 5.) Plaintiff indicates that his property was brought to a holding cell and Plaintiff informed Defendant Brown that many items were missing. (Id. at 3.) This defendant allegedly said he would bring Plaintiff an inventory sheet, but failed to do so. (Id.) Plaintiff asserts that Defendant Brown allowed the property to "slip through" his fingers and into the hands of gang members. (Id. at 3-5.) Plaintiff indicates the missing property includes photographs, letters, and personal items, some of which are from relatives who are

now deceased.¹ (Id.) Plaintiff alleges that he notified the other named defendants about the missing property, to no avail. (Id. at 2.) Plaintiff seeks monetary damages, injunctive relief, and "freedom."²  (Id. at 5.)

II. Discussion

    A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows

---

¹ A list of missing items attached to the Complaint indicates that Defendant Brown also deprived Plaintiff of legal material. (ECF No. 1-1 at 1.) However, the Complaint does not raise or assert any claim under the First Amendment and Plaintiff fails to allege an impediment to the pursuit of a nonfrivolous legal claim resulting from the alleged loss of his legal material. See Lewis v. Casey, 518 U.S. 343, 349 (1996). Thus, the Complaint fails to plead a plausible access to court claim. Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

² To the extent Plaintiff seeks release from confinement, such relief is not available under § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release).



a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte.  See Neitzke, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

---

[3] Screening pursuant to § 1915A is subject to this standard as well.



include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

**1.     Fourteenth Amendment Claims**

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. However, an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for such loss is available.  Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Mora v. City of Gaithersburg, 519 F.3d 216, 230-31 (4th Cir. 2008); Bogart v. Chapell, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause where plaintiff was afforded a meaningful post-deprivation remedy).  In South Carolina, prisoners may bring an action for recovery of personal property against officials who deprive them of property without state authorization.  See McIntyre v. Portee, 784 F.2d 566, 567 (4th Cir. 1986) (citing S.C.

Code Ann. §§ 15-69-10 et seq.). Such an action provides "a post-deprivation remedy sufficient to satisfy due process requirements." Id. (citing Parratt v. Taylor, 451 U.S. 527 (1981)). Thus, the Complaint's due process claim associated with an intentional deprivation of Plaintiff's property by Defendant Brown is subject to summary dismissal as to all defendants.[4]

Plaintiff also appears to allege that Defendants Murry, Bush, Xaviar, and Atkinson failed to appropriately respond to grievances regarding Defendant Brown's actions. However, a prisoner has no constitutional right to a grievance procedure. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, 417 F. App'x 317, 319 (4th Cir. 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). Therefore, any due process claim the Complaint may be asserting against the defendants for their alleged failure to grant Plaintiff's grievances is also subject to summary dismissal.

## 2. State Law Claims

To the extent the Complaint may raise a state law claim of negligence against the defendants, such a claim is not cognizable under § 1983. See Daniels v. Williams, 474 U.S. 327, 335-36 n.3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (holding that Daniels bars an action under § 1983 for negligent conduct). While Plaintiff could pursue a negligence claim in state court, the district

---

[4] The court further notes that the Complaint provides no factual allegations to show that Defendants Murry, Bush, Xaviar, or Atkinson were directly involved in the deprivation of Plaintiff's property. "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997). Thus, these defendants would be entitled to summary dismissal from the Complaint's deprivation of property claim in any event.



court should decline to exercise supplemental jurisdiction over any state law causes of action raised in this case because the Complaint's federal claims are recommended for summary dismissal. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.   Conclusion

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

                                                                            _____
                                                                            Paige J. Gossett
                                                                            UNITED STATES MAGISTRATE JUDGE

April 17, 2015
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).