IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, ) | |
| ) | C/A No. 0:15-1188-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Maj[o]r R. Murry; Warden Dennis Bush; ) | |
| Officer Borough Xaviar; Lt. Jack Brown; ) | |
| Officer Cpl. Atkinson, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Clifton Singletary is an inmate in custody of the South Carolina Department of Corrections who currently is housed at Lee Correctional Institution in Bishopville, South Carolina. Plaintiff, proceeding pro se, brings this action asserting that Defendant Brown lost or allowed to be stolen his photographs, correspondence, and other personal items. Plaintiff also contends that Defendants Murry, Bush, Xaviar, and Atkinson did not respond appropriately when he attempted to file grievances. Plaintiff seeks damages, injunctive relief, and "[his] freedom."

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). On April 17, 2015, the Magistrate Judge issued a Report and Recommendation. The Magistrate Judge construed the complaint as asserting claims of deprivation of property without due process of law, in violation of the Fourteenth Amendment. See U.S. Const. Amend. XIV, § 1; 42 U.S.C. § 1983. Relying on Hudson v. Palmer, 468 U.S. 517, 533 (1984), the Magistrate Judge noted that the Fourteenth Amendment is not violated if a meaningful post-deprivation remedy for such loss is available. The Magistrate Judge found that

Plaintiff had an adequate post-deprivation remedy under South Carolina law. See S.C. Code Ann. §§ 15-69-10 et seq.; Johnson v. Ozmint, 567 F. Supp. 2d 806 (D.S.C. 2008); see also SCDC Policy/Procedure GA-01.12. Thus, the Magistrate Judge determined that Plaintiff stated no claim against Defendant Brown.

With respect to Plaintiff's contention that he was not afforded adequate review of his grievances, the Magistrate Judge noted that a prisoner has no constitutional right to a grievance procedure. See Daye v. Rubenstein, 417 F. App'x 317 (4th Cir. 2011). The Magistrate Judge therefore determined that Plaintiff stated no claim against Defendants Murry, Bush, Xaviar, and Atkinson.[1] Accordingly, the Magistrate Judge recommended that the complaint be summarily dismissed. The Magistrate Judge further recommended that, to the extent Plaintiff stated any state law causes of action, the court should decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3). Plaintiff filed objections to the Report and Recommendation on April 30, 2015.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id.

The district court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. Id. However, the district court need not conduct

---

[1] The Magistrate Judge also observed that the proper means to seek relief from confinement is through habeas corpus, and not § 1983.

a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

In this case, Plaintiff's objections essentially reiterate the allegations of his complaint. Plaintiff's responses do not rebut the Magistrate Judge's conclusion that the complaint should be summarily dismissed. Plaintiff additionally alleges in his objections that only "people [of] color seem to be coming up short hand." ECF No. 18, 1. This allegation is unsupported and speculative and thus also subject to summary dismissal.

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The complaint is summarily dismissed, without prejudice. The court declines to exercise jurisdiction over any state law claims asserted by Plaintiff.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 11, 2015

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**