IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, )<br>　　　　　　　　　　　　　　　　　　　) C/A No. 0:15-1188-MBS<br>　　　　　Plaintiff, )<br>　　　　　　　　　　　　　　　　　　　)<br>　vs. )<br>　　　　　　　　　　　　　　　　　　　) **O R D E R**<br>Maj[o]r R. Murry; Warden Dennis Bush; )<br>Officer Borough Xaviar; Lt. Jack Brown; )<br>Officer Cpl. Atkinson, )<br>　　　　　　　　　　　　　　　　　　　)<br>　　　　　Defendants. )<br>_____) | |

Plaintiff Clifton Singletary is an inmate of the South Carolina Department of Corrections. Plaintiff filed a complaint on March 13, 2015, alleging, among other things, that he was deprived of his property without due process of law, in violation of the Fourteenth Amendment. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. The Magistrate Judge determined that Plaintiff failed to state a constitutional claim. On April 17, 2015, the Magistrate Judge filed a Report and Recommendation in which she recommended that the complaint be summarily dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on April 30, 2015. After review, the court adopted the Report and Recommendation by order filed June 16, 2015.

By letter filed July 22, 2015, Plaintiff filed a motion for reconsideration. See Fed. R. Civ. P. 59(e). As an initial matter, the court notes that Plaintiff's motion is untimely because it was not

filed within twenty-eight days after entry of judgment.[1] The deadline to file a motion for reconsideration cannot be extended. Fed. R. Civ. P. 6(b)(2).

In any event, Plaintiff's motion is without merit. Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury. 11 Wright & Miller, Federal Practice & Procedure § 2804. Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored. They are not a matter of routine practice. Settino v. City of Chicago, 642 F. Supp. 755, 759 (N.D. Ill. 1986). Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court. See, e.g., Fisher v. Samuels, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion. Keene Corp. v. International Fidelity Ins. Co., 561 F. Supp. 656 (N.D. Ill.), aff'd, 736 F.2d 388 (7th Cir. 1982). The Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

---

[1] Plaintiff's motion for reconsideration should have been filed no later than July 14, 2015. Even giving Plaintiff the benefit of Houston v. Lack, 487 U.S. 266 (1988), his letter is dated July 19, 2015, outside of the deadline.

Plaintiff's Rule 59(e) motion reads as follows:

No way my claim could be any speculation when its facts so case shouldn't be dismiss when holds merit. It could be prove without a shadow of doubt under oath. So case need to be reconsider do to the fact it's not any assumption.

ECF No. 23.

Movant does not allege a change in controlling law or new evidence. To the extent Movant contends the court should revise its conclusions to correct a clear error of law or prevent manifest injustice, the court finds no grounds in the record to support his assertions.

Movant's Rule 59(e) motion (ECF No. 23) is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

December 30, 2015