# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 0:15-cv-1188-MBS |
| ) | |
| v. ) | |
| ) | |
| Ma[j]or R. Murry; Warden Dennis Bush; ) | |
| Officer Borough Xaviar; Lt. Jack Brown; ) | |
| Officer Cpl. Atkinson, ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Clifton Singletary is an inmate in custody at Ridgeland Correctional Institution in Ridgeland, South Carolina. Proceeding pro se, Plaintiff filed a complaint on March 13, 2015, alleging, among other things, that he was deprived of his property without due process of law, in violation of the Fourteenth Amendment. ECF No.1. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On April 17, 2015, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff failed to state a Constitutional claim. ECF No. 16. Accordingly, she recommended that the complaint be summarily dismissed without issuance and service of process. Id. Plaintiff filed objections to the Report and Recommendation on April 30, 2015. ECF No. 18. After review, the court adopted the Report and Recommendation by order filed June 16, 2015. ECF No. 20. Plaintiff filed a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure on July 22, 2015. ECF No. 23. The court denied that motion by order filed on December 30, 2015. ECF No. 25. Plaintiff filed a second motion for

1

reconsideration on January 2, 2018. ECF No. 27.  The court denied that motion on January 31, 2018. ECF No. 29.  This matter is now before the court on a motion to amend filed by Plaintiff on April 23, 2018. ECF No. 39.

A district court may not grant a post-judgment motion to amend "unless the judgment is vacated pursuant to Rule 59(e) or Fed. R. Civ. P. 60(b)." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006)(quoting Cooper v.Shumway, 780 F.2d 27, 29 (10th Cir. 1985)); see also Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1489 ("Most courts … have held that once a judgment is entered the filing of an amendment cannot be allowed until the judgment is set aside or vacated under Rule 59 or Rule 60."). The court has twice declined to vacate its prior judgment. The court declines to do so now.

Even if the court were to vacate its judgment, Plaintiff's motion to amend would be futile. The Federal Rules of Civil Procedure provide that courts should give leave to amend pleadings "freely." Fed. R. Civ. P. 15(a). Courts should deny granting leave to amend "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Forman v. Davis, 371 U.S. 178,182 (1962).  A motion to amend is futile when the proposed amendment is "'clearly insufficient or frivolous on its face.'" Johnson v. Peaden, C/A No. 4:06-cv-214-D, 2007 WL 9718396 at *3 (E.D.N.C. July 9, 2007)(quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)).  Here, Plaintiff's amendment is essentially a re-hashing of his original complaint, involving the same parties and the same set of facts. The court has already dismissed Plaintiff's original complaint with those same facts and parties, and has twice declined to reconsider its denial. The amendment is therefore insufficient and frivolous. As such, it would be futile for Plaintiff to amend his complaint.

Because the court's prior judgment is not vacated, and because amendment in this case would be futile, Plaintiff's motion to amend is DENIED.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour

Margaret B. Seymour

Senior United States District Judge

Columbia, South Carolina

October 19, 2018